UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LEANNE PARRIS, individually and on behalf of minor son J.T., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) No.: 3:12-CV-572 ) (VARLAN/SHIRLEY) |
| ELI LILLY AND COMPANY, PAR PHARMACEUTICAL COMPANIES, INC. and PAR PHARMACEUTICAL INC., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This civil action is before the Court on Defendants Par Pharmaceutical Companies, Inc., and Par Pharmaceutical Inc.'s Motion for Judgment on the Pleadings [Doc. 11]. Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, defendants Par Pharmaceutical Companies, Inc. and Par Pharmaceutical Inc. (together, "Par Pharmaceutical" or "defendants") move the Court to dismiss all of plaintiffs' claims against them because (1) plaintiff fails to state a claim upon which relief may be granted and (2) plaintiff's surviving claim is preempted by federal law. No response has been filed and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1, 7.2. After careful consideration of the motion and the relevant law, the Court finds the motion well taken and will grant the motion.

## I. Background

Plaintiff Leanne Parris ("Parris") was prescribed fluoxetine, a selective serotonin reuptake inhibitor, by her treating physician while she was pregnant [Doc. 1-2 ¶ 15]. Parris was dispensed and ingested generic fluoxetine, which was allegedly manufactured and distributed by defendants, as prescribed by her physician, including during her pregnancy [*See id*. ¶¶ 9, 10, 15]. On an unspecified date, Parris gave birth prematurely to her son, J.T., who allegedly suffered from certain congenital defects, including patent ductus arteriosus and cerebral palsy [*Id*. ¶ 17]. It is alleged that J.T.'s congenital defects were caused by Parris's ingestion of generic fluoxetine during her pregnancy [*Id*.].

Parris, proceeding individually and on behalf of her son, commenced this action *pro se* on or about September 6, 2012, by filing a complaint in the Circuit Court for Knox County, Tennessee. Defendants removed this action to the Eastern District of Tennessee on November 1, 2012 [*See* Doc. No. 1].

In a previous order, the Court dismissed the claims against defendant Eli Lilly and Company for failure to state a claim [Doc. 10]. The Court also dismissed the claims Parris asserted on behalf of J.T. because Parris could not proceed *pro se* on his behalf [*Id.*].

## II. Standard of Review

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is subject to the same standard of review as a motion brought under Federal Rule of Civil Procedure 12(b)(6). *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*,

399 F.3d 692, 697 (6th Cir. 2005). In reviewing either a motion to dismiss under Rule 12(b)(6) or a motion for judgment on the pleadings under Rule 12(c), the Court "must construe the complaint in a light most favorable to plaintiffs, accept all well-pled factual allegations as true, and determine whether plaintiffs undoubtedly can prove no set of facts in support of those allegations that would entitle them relief." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)).

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion to dismiss, or a motion for judgment on the pleadings, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to

3

relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Id.* at 679.

**III. Analysis**

Plaintiff alleges that defendants distributed the fluoxetine at issue [Doc. 1-2 ¶¶ 9, 10]. She asserts the following causes of action against defendants: failure to warn, negligence, and loss of consortium [*Id.*].

Regarding the loss of consortium claim, the Seventh Cause of Action states:

> As a result of Defendants' aforementioned conduct, which was the direct and proximate cause of the injuries sustained by Plaintiff [J.T.], as described herein, Plaintiff [J.T.] has been unable to perform work, services and duties as a child and will be unable to do the same in the future. Plaintiff LEANNE PARRIS has been deprived of, and will continue to be deprived of, the work, services, duties, and companionship of her son, Plaintiff [J.T.].

[Doc. 1-2 ¶ 94]. Defendants assert that this is a loss of filial consortium claim, and that it must be dismissed because it fails to state a claim under Tennessee law [Doc. 12]. The Court agrees with defendants.

4

While Tennessee law provides for a loss of consortium claim with respect to spouses in personal injury cases, Tenn. Code Ann. § 21-1-106, it does not appear to provide a filial consortium claim in personal injury cases, and the Supreme Court of Tennessee has "decline[d] to create a common law cause of action" not provided for in statute, noting it is the function of the legislature to do so, *Taylor v. Beard*, 104 S.W.3d 507, 510–11 (Tenn. 2003). Moreover, even if such a claim were recognized, the claim is a derivative claim, and all of J.T.'s claims were dismissed. *See Williams v. United States*, 754 F. Supp. 2d 942, 955 (W.D. Tenn. 2010) (dismissing loss of consortium claim because injured spouse's claim was dismissed); *DeJesus v. Geren*, No. 3:08cv0043, 2008 WL 2558009, at *20 (M.D. Tenn. June 23, 2008) (same); *Wentz v. Best W. Int'l, Inc.*, No. 3:05-cv-368, 2007 WL 869620, at *3–4 (E.D. Tenn. Mar. 20, 2007) (same); *Hunley v. Silver Furniture Mfg. Co.*, 38 S.W.2d 555, 577–58 (Tenn. 2001) (loss of consortium is derivative claim).

Plaintiff brought the failure to warn and negligence claims on behalf of J.T., but as noted, the Court dismissed those claims [*See* Doc. 10]. Nevertheless, even assuming Parris personally seeks to assert these claims against defendants,[1] the Court finds recent Supreme Court precedent dictates dismissal of the claims. In *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567, 2572 (2011), the Supreme Court held that federal law preempts state

---

[1] *Pro se* litigants "are held to less stringent standards than . . . lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). *See also Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972).

5

laws imposing a duty upon generic drug manufacturers to change a drug's label. Both the failure to warn and negligence claims are premised upon defendants' alleged failure to adequately warn of alleged dangers of fluoxetine [*See Id.* ¶¶ 16, 18, 21–24, 28-36, 41, 43, 48–49, 57–58, 64–69, 71–77, 79–89, 85]. Thus, because of *Mensing*, plaintiff's allegations cannot survive. *See Smith v. Wyeth, Inc.*, 657 F.3d 420, 423 (6th Cir. 2011) ("On appeal, the plaintiffs contend that the district court erred in concluding that their state-law failure-to-warn claims against the generic defendants were preempted by federal law. Their arguments must fail, however, given [*Mensing*]."); *Brinkley v. Pfizer, Inc.*, No. 10-0274-CV-W-SOW, 2012 WL 1564945, at *2 (W.D. Mo. Apr. 12, 2013) ("The practical effects of [*Mensing*] leave generic drug manufacturers immune from suit under state tort law for failure to warn."); *Stayhorn v. Wyeth Pharms., Inc.*, Nos. 11–2058–STA–cgc, 11–2095–STA–cgc, 11–2083–STA–cgc, 11–2134–STA–cgc, 11–2060–STA–cgc, 11–2059–STA–cgc, 11–2145–STA–cgc, 2012 WL 3261377, at *8 (W.D. Tenn. Aug. 8, 2012) ("[T]he Supreme Court's holding in *Mensing* is clear: state law failure to warn claims against generic defendants related to the content of the label are preempted.").

**IV.     Conclusion**

For the reasons explained herein, the Court will **GRANT** Defendants Par Pharmaceutical Companies, Inc., and Par Pharmaceutical Inc.'s Motion for Judgment on the Pleadings [Doc. 11], and Par Pharmaceutical Companies, Inc., and Par

Pharmaceutical Inc. will be **DISMISSED** from this action. As there are no other issues in this case, the Clerk will be **DIRECTED** to close this case.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE